

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:07-CR-165** |
| | § | |
| **WILYUM HENDERSON** | | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On February 19, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Wilyum Henderson, on **Count Two** of the charging **Indictment** filed in this cause.  Count Two of the Indictment charges that on or about October 11, 2005, and continuing through on or about October 29, 2005, in the Eastern District of Texas, and elsewhere, Wilyum Henderson, Defendant herein, knowingly made a material

1

claim against and upon the Federal Emergency Management Agency, an agency of the United States, for Hurricane Rita disaster assistance, knowing that the claim was false, fictitious, and fraudulent in that it falsely stated that his primary residence, 1925 Irving Street, Beaumont, Texas, sustained damage as the result of Hurricane Rita rendering it unliveable, and that Hurricane Rita also caused damage to his personal property, when in truth and in fact, the defendant did not reside at 1925 Irving Street, Beaumont, Texas, in violation of Title 18, United States Code, Section 287.

Defendant, Wilyum Henderson, entered a plea of guilty to Count Two of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.      That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.      That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.      That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not

result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

      d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 287.

## STATEMENT OF REASONS

      As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing.  *See Factual Basis and Stipulation*.  If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty.  The Government and Defendant agreed that the Government would have proven that Defendant is one and the same with the person charged in the Indictment and that the events described in the Indictment occurred on the dates and in the places alleged in the Eastern District of Teas.  The Government and Defendant agreed that the Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged; specifically, the Government would have proven certain stipulated facts set forth in the *Factual Basis,* on file in the record of this cause.  The *Factual Basis* states those facts as follows:

      United States Postal Inspection Service Postal Inspector Nathan L. Curry would testify on behalf of the Government.  Inspector Curry would testify about the results of his investigation regarding a Federal Emergency Management Association (FEMA) claim relating to Hurricane

Rita and filed by Defendant Wilyum Henderson.  Curry's testimony would demonstrate that on October 11, 2005, Defendant Wilyum Henderson applied for FEMA benefits relating to what he falsely claimed to be his primary residence, namely, 1925 Irving, Beaumont, Texas, in the Eastern District of Texas.  This residence had formerly belonged to one or more members of a family other than the Defendant's, namely the family of Demetris Sams, and others.  Due to its deteriorated conditions, the residence was and remained unoccupied as a primary residence of any person since approximately July 2004, and no active utilities had been in place since that time.  Additionally, beginning in 2004 and concluding in 2005, the City of Beaumont deemed the residence substandard, and demolished the residence on August 29, 2005, approximately one (1) month before Hurricane Rita struck southeast Texas, resulting in the availability of federal funding of the United States, administered by FEMA, an agency of the United States, for relief to affected citizens meeting certain eligibility requirements.

On or about October 11, 2005, Defendant Wilyum Henderson, in his claim for assistance administered by FEMA, falsely claimed that the residence of 1925 Irving Street, Beaumont, Texas, was his primary residence.  Based on this materially false statement and claim, United States Treasury check number 2221-74521110, in the amount of $2,000, was issued to him on October 12, 2005.  On February 7, 2006, Defendant Wilyum Henderson acknowledged that he had received the FEMA check at one or more or the motels at which he had been staying, via the United States Mail.  In an interview with Postal Inspector Curry, he admitted that he had never lived in Beaumont Texas, and had never lived at the residence made the subject of his claim. Defendant Wilyum Henderson stated that, at the time of Hurricane Rita at the time of the claim,

4

he was homeless.  He said that an unknown male had provided the address he used for the claim. He agreed to give this individual $300 of the $2000 he expected to receive.  Defendant Henderson stated that after he received the FEMA check, he cashed it.  He stated that he could no longer locate the individual who provided the address; therefore, he kept the money and used it himself.

Defendant, Wilyum Henderson agreed with the facts set forth by the Government and signed the *Factual Basis.*  Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty.  The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count Two** of the charging **Indictment** on file in this criminal proceeding.  The Court also recommends that the District Court conditionally accept the plea  agreement.[1]  Accordingly, it is further recommended that, Defendant, Wilyum Henderson,

---

[1]"(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):

be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 287.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* FED. R. CRIM. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. §

---

(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated."  FED. CRIM. P. 11(c)(3)-(5).

636(b)(1)(C).   Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).   The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 20th day of February, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE